## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| JACOB BOHN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:25-CV-1036 |
| ABDI IBRAHIM, and | ) |
| MAAZ EXPRESS, LLC, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

### HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE comes before the Court on the Defendants' Uncontested Motion For Entry Of HIPAA Qualified Protective Order. Having considered the pleadings, discovery, testimony, motions & briefing, oral arguments, and/or written stipulations presented by the parties and being fully advised in the premises of the Motion, the Court hereby FINDS and ORDERS the following:

1. This matter involves allegations, disclosures, answers to written discovery, deposition testimony, arguments in motions or briefing, arguments before the Court, and/or stipulation by the Plaintiff that Plaintiff suffered "personal injuries" including the form of "past and future medical bills, past and future pain and suffering, past and future loss of normal life, permanent disability, scarring and disfigurement, and increased risk of harm." (*See* Complaint at ¶¶ 9, 13.). As such, Plaintiff has affirmatively placed his physical condition at issue in this matter.

2. Therefore, the Court FINDS good cause and compelling reasons exist for the entry of this HIPAA Qualified Protective Order.

3. For the purposes of this Order, the term "protected health information" shall have the same scope and definition as that set forth in the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its accompanying rules and regulations governing the disclosure, maintenance, use, and disposal of such protected health information. *See* 45 C.F.R § 160.103 and § 164.501. Protected health information shall include, but is not limited to, health information, including demographic information, and documents relating to either (a) the past, present, or future physical or mental condition

of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. *Id.*

4. The attorneys of record for the parties to this litigation are authorized to subpoena, receive, use, disclose, and/or transmit protected health information, communications, and records pertaining to the Plaintiff for the purposes of prosecuting or defending this action, as well as any appeals thereof, to the extent of and subject to the conditions of this Order. *See* 45 C.F.R. § 164.512(e)(1)(v)(A).

5. All requests from an attorney of record in this action issued to a Covered Entity, Record Custodian, or Therapist for protected health information, communications, and/or records, including but not limited to subpoenas, shall be accompanied by a complete copy of this Order and documentation showing that the request is issued by a party's attorney of record, such as an attorney's entry of appearance or Court Order appointing the attorney as counsel of record.

6. **"Covered Entities," as that term is defined by 45 C.F.R. § 160.13, are hereby authorized – and, upon receipt of lawful process, further required - to release, transfer, provide access to, disclose, and/or divulge protected health information pertaining to the Plaintiff Jacob Bohn to the attorneys representing the Plaintiff, Defendant(s), and any party of record in the above captioned action**. Any covered entity over which this Court has jurisdiction that fails or refuses to disclose protected health information in accordance with this Order may be subject to sanctions authorized by the Federal Rules of Civil Procedure and the United States Code.

7. The attorneys of record may disclose the Plaintiff's protected health information, communications, and records to the parties, the parties' insurer(s), any expert witnesses, any expert consultant, the Court and its personnel, any court reporters and video or audio technicians recording depositions or other testimony, any copying service vendors, any trial consultants, and any other entities or persons involved in the parties preparation of their' respective cases in discovery or at trial. Prior to such disclosure, counsel shall notify the person to whom the protected health information, communications, and records will be disclosed of the existence of this Order, its terms, and that Plaintiff's

protected health information, communications, and records may not be used or disclosed for any purpose other than this litigation.

8. Within 60 days after the entry of a dismissal or final order not subject to appeal in this matter, the parties, their attorneys, and any person or entity in possession of protected health information, communications, and/or records received, disclosed, or transmitted to them for use in this litigation shall either 1) return such materials to the Plaintiff via the Plaintiff's attorney of record or 2) destroy any and all copies of such materials in compliance with HIPAA, such as by shredding, pulverizing, melting, incinerating, or degaussing the same. *See* 45 C.F.R. § 164.512(e)(1)(v)(B).

9. This Order does not permit the parties or their attorneys of record, agents, or representatives to request, obtain, or disclose protected health information, communications, and records, or other related information through any means other than formal discovery procedures, subpoenas, depositions, patient authorizations, or other lawful and authorized processes provided for in the United States Code, Federal Rules of Civil Procedure, or any orders of this Court.

10. This Order does not control or limit the use of protected health information, communications, and records pertaining to the Plaintiff that comes into the possession of the parties or their attorneys from a source other than a Covered Entity, Record Custodian, or Therapist.

11. This Order does not authorize any party to this action to seal court filings or court proceedings. Specific determinations regarding filings under seal will be subject to a good cause determination by the Court only upon specific request and/or motion by a party.

12. This Order does not relieve any Covered Entity, Record Custodian, party, attorney, consultant, witness, or other persons in possession of protected health information, communications, and records from complying with the additional requirements of any or all other applicable federal or state laws and regulations governing the request, review, or disclosure of protected health information, communications, and records, to the extent such laws and regulations are not pre-empted by HIPAA.

**AGREED:**

 /s/ Tyler Kobylski  /s/ Mitchell P. Hedrick

Tyler Kobylski – ARDC # 6309452  Mitchell P. Hedrick – ARDC # 6306138
Attorney for Plaintiff.  Attorney for Defendants.

**SO ORDERED:**

DATE: 5/29/2025  

 United States Magistrate Judge